IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| JUNE PUGH SANDERS | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Civil No.: <u>1:18cv00111-JMV</u> |
| | ) |
| COMMISSONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
|     **Defendant.** | ) |

## **FINAL JUDGMENT**

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held May 8, 2019, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record. The ALJ essentially ignored objective findings of two consultative examiners that indicated the claimant had limitations related to some "unspecified neurocognitive disorder" and/or other cognitive impairment. Indeed, the ALJ gave no reasons for ignoring Dr. Philip Drumheller's conclusions that the claimant was "not believed able to

–1–

handle funds if so assigned"; had a poor ability to function independently; and had only a poor to fair ability to understand, remember and carry out <u>simple</u> job instructions. These limitations were not reasonably incorporated into the claimant's RFC, and the claimant was prejudiced in view of the ALJ's determination that she could return to her skilled past work.

On remand, the ALJ must reconsider the claimant's mental/cognitive impairments and issue a new decision.[1] The ALJ must reconsider the findings and opinions of Dr. Drumheller and Dr. Brian Thomas. The ALJ must give good reasons supported by substantial evidence in the record for rejecting any medical opinion. Before determining the claimant's RFC, the ALJ may order an additional consultative examination and/or seek the assistance of state agency physicians who will review the entirety of the medical evidence and render an opinion on mental RFC. Finally, if necessary, the ALJ must obtain supplemental vocational expert evidence on the issue of whether there is any work the claimant can perform in view of all relevant vocational factors and her physical and mental impairments.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED in part and REMANDED for further proceedings.**

This, the 15th day of May, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

[1] The ALJ's findings and conclusions with respect to the claimant's physical impairments are affirmed and shall be incorporated into the new decision.